UNITED STASES DISTRICT COURT
NORTHERN DISTRCIT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **NAOMI WISENER,** | § § § | |
| *Plaintiff,* | § | |
| vs. | § § | |
| **AMWAY CORP.;** | § | |
| **ARKEMA, INC.** f/k/a PENNWALT CORPORATION and ELF ATOCHEM NORTH AMERICA, INC. (sued individually and as successor-by-merger to WALLACE & TIERNAN d/b/a WTS PHARMACRAFT) for its Desenex line of products; | § § § § § § § | Civil Action No. 3:21-cv-2683 |
| **AVENTIS INC.,** for its Desenex line of products; | § § § | |
| **AVON PRODUCTS, INC.; BARRETTS MINERALS INC.;** | § § | |
| **BAYER CONSUMER CARE HOLDINGS LLC** f/k/a BAYER CONSUMER CARE LLC f/k/a MSD CONSUMER CARE, INC.) for its Dr Scholl's line of products; | § § § § | |
| **BAYER HEALTHCARE LLC,** a subsidiary of BAYER AG. for its Dr. Scholl's line of products; | § § § | |
| **BLOCK DRUG COMPANY, INC.** (sued individually and as successor-in-interest to THE GOLD BOND STERILIZING POWDER COMPANY a/k/a THE GOLD BOND COMPANY); | § § § § § | |
| **BLOCK DRUG CORPORATION** (sued individually and as successor-in-interest to THE GOLD BOND STERILIZING POWDER COMPANY a/k/a THE GOLD BOND COMPANY); | § § § § § | |
| **BRENNTAG NORTH AMERICA, INC.** (sued individually and as successor-in-interest to MINERAL PIGMENT SOLUTIONS, INC. and as successor-in-interest to WHITTAKER CLARK & DANIELS, INC.); | § § § § § | |
| **BRENNTAG SPECIALTIES LLC** f/k/a BRENNTAG SPECIALTIES, INC. f/k/a MINERAL PIGMENT SOLUTIONS, INC. (sued individually and as successor-in-interest to WHITTAKER CLARK & DANIELS, INC.); | § § § § § § | |

| | |
|---|---|
| **BROOKSHIRE GROCERY COMPANY;** | § |
| **CHARLES B. CHRYSTAL COMPANY, INC.;** | § |
| **CHATTEM, INC.** a subsidiary of SANOFI-AVENTIS U.S. LLC (sued individually and as successor-in-interest to BLOCK DRUG CORPORATION, successor-in-interest to THE GOLD BOND STERILIZING POWDER COMPANY a/k/a THE GOLD BOND COMPANY); | § |
| **COLGATE-PALMOLIVE COMPANY,** for its Cashmere Bouquet line of products; | § |
| **CONOPCO, INC.** d/b/a UNILEVER HOME & PERSONAL CARE USA (sued individually and as successor-in-interest to ELIZABETH ARDEN, INC.) for its White Shoulders, White Diamonds, and Elizabeth Arden lines of products; | § |
| **COSMETIC SPECIALTIES, INC.** (sued individually and formerly d/b/a G&G SPECIALTY PRODUCTS CO.); | § |
| **COTY, INC.** (sued individually and for its subsidiary NOXELL CORPORATION) for its Coty and CoverGirl line of products; | § |
| **CROWN LABORATORIES, INC.,** for its Desenex line of products; | § |
| **DR. SCHOLL'S LLC;** | § |
| **ELIZABETH ARDEN, INC.,** a division of REVLON, INC., for its White Shoulders and White Diamonds lines of products; | § |
| **FISONS CORPORATION,** for its Desenex line of products; | § |
| **GLAXOSMITHKLINE LLC** (sued individually and as successor-in-interest to BLOCK DRUG CORPORATION, successor-in-interest to THE GOLD BOND STERILIZING POWDER COMPANY a/k/a THE GOLD BOND COMPANY); | § |
| **GSK CONSUMER HEALTH, INC.** f/k/a NOVARTIS CONSUMER HEALTH, INC. f/k/a CIBA SELF-MEDICATION, INC., for its Desenex line of products; | § |
| **H-E-B, LP;** | § |
| **HIMMEL MANAGEMENT CO. LLC** a/k/a HIMMEL GROUP formerly d/b/a MARTIN HIMMEL, INC. (sued individually and as | § |

successor-in-interest to BLOCK DRUG §
CORPORATION, successor-in-interest to §
THE GOLD BOND STERILIZING §
POWDER COMPANY a/k/a THE GOLD §
BOND COMPANY); §
**L'OREAL USA, INC.;** §
**MAYBELLINE LLC;** §
**MERCK & CO., INC.,** for its Dr. Scholl's §
line of products; §
**NINA RICCI USA, INC.** for its Nina Ricci §
L'Air du Temps line of products; §
**NOVARTIS CORPORATION** (sued §
individually and as a successor-in-interest to §
CIBA-GEIGY CORPORATION and its §
subsidiaries CIBA CONSUMER §
PHARMACEUTICALS and CIBA SELF- §
MEDICATION, INC.) for its Desenex line of §
products; §
**NOXELL CORPORATION,** a subsidiary of §
COTY INC. and f/k/a NOXZEMA §
CHEMICAL COMPANY, for its CoverGirl §
line of products; §
**PFIZER INC.;** §
**THE PROCTER & GAMBLE COMPANY** §
(sued individually and as successor-in-interest §
to NOXZEMA CHEMICAL COMPANY) for §
its CoverGirl line of products; §
**PTI UNION, LLC** a/k/a PHARMA TECH §
INDUSTRIES, for its Desenex and Gold Bond §
lines of products; §
**PUIG USA, INC.,** for its Nina Ricci L'Air du §
Temps line of products; §
**REVLON CONSUMER PRODUCTS** §
**CORPORATION** for its White Shoulders, §
White Diamonds, and Revlon lines of §
products; §
**SANOFI-AVENTIS U.S. LLC** (sued §
individually and as successor by merger to §
AVENTIS PHARMACEUTICALS INC.) for §
its Desenex line of products; §
**SANOFI US SERVICES, INC.** for its §
Desenex line of products; §
**SCHOLL'S WELLNESS COMPANY LLC;** §
**SPECIALTY MINERALS INC.** (sued §
individually and as a subsidiary of §
MINERALS TECHNOLOGIES INC.); §

| | |
|---|---|
| **UNILEVER UNITED STATES, INC.** (sued individually and as successor-in-interest to CHESEBRO UGH MANUFACTURING COMPANY a/k/a CHESEBROUGH-PONDS) for its White Shoulders and White Diamonds lines of products; and **WHITTAKER CLARK & DANIELS, INC.**, *Defendants.* | § § § § § § § § § § |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1332, §1441, and §1446, Defendant Revlon Consumer Products Company. ("Revlon") by and through its attorneys, HAWKINS PARNELL & YOUNG LLP, file this Notice of Removal based on diversity of citizenship and amount in controversy, and would respectfully show the Court as follows:

### I. INTRODUCTION

1.1    On September 1, 2021, Plaintiff filed her Original Petition in the matter *Naomi Wisener vs. Amway Corp.., et al.*; Cause No. DC-21-12258, in the 14th Judicial District Court of Dallas County, Texas (the "State Court Action").[1] In that petition, which is the live petition at the time of this Notice, Plaintiff asserts various personal injury claims against Defendants abased on injuries allegedly caused by or arising out of exposure to products allegedly manufactured, marketed, used, owned, distributed, sold, or specified by Defendants.

### II. TIMELINESS OF REMOVAL

2.1    Revlon was served with this lawsuit on or about September 30, 2021. Revlon is therefore filing this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b). *See Board of Regents of Univ. of Texas System v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

### III. BASIS FOR REMOVAL – DIVERSITY JURISDICTION

3.1    Removal is proper because there is complete diversity of citizenship between the parties,

---

[1] Attached as "Exhibit B-2"

and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §1332(a). Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named Defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 126 S. Ct. 606, 610 (2005).

    3.2    Defendant Revlon files this Notice of removal tracing each member of limited liability corporation ("LLC") Defendants to establish diversity. "[F]or each member of an LLC that is itself an LLC or partnership, its members and their citizenship must be identified and traced up the chain of ownership until one reaches only individuals and/or corporations because only natural persons and corporations have a legal existence -- for diversity purposes -- that is not dependent on the citizenship of their constituent members." *Thornhill v. Alexandria Mall Co.*, No. 07-0064, 2009 U.S. Dist. LEXIS 50149, at *8 (W.D. La. June 8, 2009).

    3.3    On information and belief, all co-defendants who have been properly joined and served have consented to removal. U.S.C. § 1446(b)(2)(B); *Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015).[2] On further information and belief, any other co-defendants would consent to removal. *Id*.

    A.    **Diversity**

    3.4    Here, the parties are completely diverse. Plaintiff Naomi Wisener is a citizen of Texas because that is where they domiciled. *See Preston v. Tenet Healthsystem Memorial Med. Center*, 485 F.3d 793, 797-98 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship." (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)).

    3.5    Revlon is a corporation organized and incorporated under the laws of the State of Delaware with its principal place of business in the State of New York. It is therefore a citizen of Delaware and New York. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 317 (2006) ("…under 28 U.S.C. §1332(c)(1), a corporation is 'deemed to be a citizen' only of 'any State by which it has been incorporated' and 'of the

---

[2] Co-defendants who have consented to removal do not waive personal jurisdiction defenses and is made in limited appearance. *See Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 2020 U.S. App. LEXIS 1382 (3d Cir. Jan. 15, 2020).

State where it has its principal place of business.'").

3.6  Defendant Amway Corp. is a Michigan corporation with its principal place of business in the State of Michigan. It is therefore a citizen of Michigan.

3.7  Defendant Arkema, Inc. is a Delaware corporation with its principal place of business in France. It is therefore a citizen of Delaware and France.

3.8  Defendant Aventis Inc. is a Pennsylvania corporation with its principal place of business in the State of New Jersey. It is therefore a citizen of Pennsylvania and New Jersey.

3.9  Defendant Avon Products, Inc. is a New York corporation with its principal place of busines in the New York. It is therefore a citizen of New York.

3.10  Defendant Barretts Minerals Inc. is a is a Delaware corporation with its principal place of business in the State of Montana. It is therefore a citizen of Delaware and Montana.

3.11  Defendant Bayer Consumer Care Holdings LLC is a Delaware limited liability company, whose sole member is Bayer East Coast LLC. Bayer East Coast LLC's sole member is Bayer HealthCare US Funding LLC. Bayer HealthCare US Funding LLC's sole member is Bayer US Holding LP. Bayer US Holding LP's sole General Partner is Bayer World Investments B.V. and its sole Limited Partner is Bayer Solution B.V.

    3.11.1  Bayer World Investments B.V. is a private company with limited liability incorporated under the laws of the Netherlands whose members are Bayer Pharma AG, Bayer US GmbH & Co. KG, and Bayer US II GmbH & Co. KG.

        3.11.1.1  Bayer Pharma AG is a German corporation with a principal place of business in Wuppertal, Germany.

        3.11.1.2  Bayer US GmbH & Co. KG is a German limited partnership, in which Bayer CropScience AG is the sole and controlling General Partner, and Bayer US IP GmbH is the sole Limited Partner.

            3.11.1.2.1  Bayer CropScience AG is a German corporation with a principal place of business in Monheim am Rhein, Germany.

        3.11.1.2.2    Bayer US IP GmbH is a German limited liability company whose sole member is Bayer AG. Bayer AG is a German corporation with a principal place of business in Leverkusen, Germany.

    3.11.1.3    Bayer US II GmbH & Co. KG is a German limited partnership whose sole and controlling General Partner is Bayer Intellectual Property GmbH. Bayer Intellectual Property GmbH is a German limited liability company whose sole member is Bayer AG (a German corporation) with a principal place of business in Leverkusen, Germany.

3.11.2    Bayer Solution B.V. is a private company with limited liability incorporated under the laws of the Netherlands whose sole member is Bayer World Investments B.V.

    3.11.2.1    Bayer World Investments B.V. is a private company with limited liability incorporated under the laws of the Netherlands whose members are Bayer Pharma AG, Bayer US GmbH & Co. KG, and Bayer US II GmbH & Co. KG.

        3.11.2.1.1    Bayer Pharma AG is a German corporation with a principal place of business in Wuppertal, Germany.

        3.11.2.1.2    Bayer US GmbH & Co. KG is a German limited partnership, in which Bayer CropScience AG is the sole and controlling General Partner, and Bayer US IP GmbH is the sole Limited Partner.

            3.11.2.1.2.1    Bayer CropScience AG is a German corporation with a principal place of business in Monheim am Rhein, Germany.

            3.11.2.1.2.2    Bayer US IP GmbH is a German limited liability company whose sole member is Bayer AG. Bayer AG is a German corporation with a principal place of business in Leverkusen, Germany.

        3.11.2.2    Bayer US II GmbH & Co. KG. is a German limited partnership, in which Bayer Intellectual Property GmbH is the sole and controlling General Partner, and Bayer US IP GmbH is the sole Limited Partner.

           3.11.2.2.1    Bayer Intellectual Property GmbH is a German limited liability company whose sole member is Bayer AG. Bayer AG is a German corporation with a principal place of business in Leverkusen, Germany.

           3.11.2.2.2    Bayer US IP GmbH is a German limited liability company whose sole member is Bayer AG. Bayer AG is a German corporation with a principal place of business in Leverkusen, Germany.

3.12    Defendant Bayer Healthcare LLC is a Delaware limited liability company whose members are NippoNex Inc., Bayer Medical Care Inc., Bayer West Coast Corporation, Bayer Essure, Inc., Bayer Consumer Care Holdings LLC, Coppertone LLC (now known as Bayer Samson I LLC), Dr. Scholl's LLC (now known as Bayer Samson II LLC), MiraLAX LLC, and Bayer HealthCare US Funding LLC[3].

        3.12.1    NippoNex Inc. is a Delaware corporation with a principal place of business in the State of New Jersey.

        3.12.2    Bayer Medical Care Inc. is a Delaware corporation with a principal place of business in the State of Pennsylvania.

        3.12.3    Bayer West Coast Corporation is a Delaware Corporation with a principal place of business in the State of California.

        3.12.4    Bayer Essure, Inc. is a Delaware Corporation with a principal place of business in

---

[3] The citizenship of each member of Bayer HealthCare US Funding LLC that is itself an LLC or partnership, are identified and traced up the chain of ownership until one reaches only individuals and/or corporations in section 3.11 through section 3.11.3.2.2.

the State of California.

    3.12.5  Bayer Consumer Care Holdings LLC, is a Delaware limited liability company, whose sole member is Bayer East Coast LLC. Bayer East Coast LLC's sole member is Bayer HealthCare US Funding LLC[4].

    3.23.6  Coppertone LLC (now known as Bayer Samson I LLC) is a Delaware limited company whose sole member is Bayer HealthCare US Funding LLC[5].

    3.23.7  Dr. Scholl's LLC (now known as Bayer Samson II LLC) is a Delaware limited company whose sole member is Bayer HealthCare US Funding LLC[6].

    3.23.8  MiraLAX LLC is a Delaware limited liability company whose sole member is Bayer HealthCare US Funding LLC[7].

    3.24  Defendant Block Drug Company, Inc. is a Delaware corporation with a principal place of business in New Jersey. It is therefore a citizen of Delaware and New Jersey.

    3.25  Defendant Block Drug Corporation is a Delaware corporation with a principal place of business in New Jersey. It is therefore a citizen of Delaware and New Jersey

    3.26  Defendant Brenntag North America Inc. is a Delaware corporation with its principal place of business in the State of Pennsylvania. It is therefore a citizen of Delaware and Pennsylvania.

    3.27  Defendant Brenntag Specialties LLC is a Delaware limited liability company whose sole member is Brenntag North America, Inc., a Delaware corporation with its principal place of business in the State of Pennsylvania. It is therefore a citizen of Delaware and Pennsylvania.

---

[4] The citizenship of each member of Bayer HealthCare US Funding LLC can be found in section 3.11 through section 3.11.3.2.2.
[5] The citizenship of each member of Bayer HealthCare US Funding LLC can be found in section 3.11 through section 3.11.3.2.2.
[6] The citizenship of each member of Bayer HealthCare US Funding LLC can be found in section 3.11 through section 3.11.3.2.2.
[7] The citizenship of each member of Bayer HealthCare US Funding LLC can be found in section 3.11 through section 3.11.3.2.2.

3.28 Defendant Charles B. Chrystal Company Inc. is a New York corporation with a principal place of business in Connecticut. It is therefore a citizen of New York and Connecticut.

3.29 Defendant Chattem, Inc. is a Tennessee corporation with a principal place of business in New Jersey. It is therefore a citizen of Tennessee and New Jersey.

3.30 Defendant Colgate-Palmolive Company is a Delaware corporation with its principal place of business in the State of New York. It is therefore a citizen of Delaware and New York.

3.31 Defendant Conopco, Inc. is New York Corporation with its principal place of business in the State of New Jersey. It is therefore a citizen of New York and New Jersey.

3.32 Defendant Cosmetic Specialties, Inc. is a New Jersey corporation with its principal place of business in the State of New Jersey. It is therefore a citizen of New Jersey.

3.33 Defendant Coty, Inc. is a Delaware corporation with its principal place of business in the State of New York. It is therefore a citizen of New York.

3.34 Defendant Crown Laboratories, Inc. is a Delaware corporation with its principal place of business in the State of Tennessee. It is therefore a citizen of Delaware and Tennessee.

3.35 Defendant Dr. Scholl's LLC (now known as Bayer Samson II LLC) is a Delaware limited company whose sole member is Bayer HealthCare US Funding LLC[8].

3.36 Defendant Fisons Corporation is a New York corporation with its principal place of business in the United Kingdom. It is therefore a citizen of New York and the United Kingdom.

3.37 Defendant GlaxoSmithKline LLC is a Delaware limited liability company whose sole member is GlaxoSmithKline Holdings (Americans) Inc. GlaxoSmithKline Holdings (Americans) Inc. is a corporation under New Jersey law with its principal place of business in New Jersey. It is therefore a citizenship of New Jersey.

3.38 Defendant GSK Consumer Health, Inc. is a Delaware corporation with its principal place of business in the State of New Jersey.

---

[8] The citizenship of each member of Bayer HealthCare US Funding LLC can be found in section 3.11 through section 3.11.3.2.2.

3.39 Defendant Himmel Management Co. LLC is a Florida limited liability company whose sole member, Jeffrey Himmel, is a citizen of Florida. It is therefore a citizen of Florida.

3.40 Defendant L'Oreal USA, Inc. is a Delaware corporation with its principal place of business in the State of New York. It is therefore a citizen of Delaware and New York.

3.41 Defendant Maybelline LLC is a New York limited liability company whose sole member is L'Oréal USA, Inc., a Delaware corporation with its principal place of business in the State of New York. It is therefore a citizen of Delaware and New York.

3.42 Defendant Merck & Co., Inc. a New Jersey corporation with its principal place of business in the State of New York. It is therefore a citizen of New Jersey and New York.

3.43 Defendant Nina Ricci USA, Inc. Is a New York corporation with a principal place of business in New York.

3.44 Defendant Novartis Corporation is a Delaware corporation with its principal place of business in the State of New York. It is therefore a citizen of Delaware and New York.

3.45 Defendant Noxell Corporation is a Maryland corporation with a principal place of business in Baltimore, Maryland.

3.46 Defendant Pfizer Inc. is a Delaware corporation with its principal place of business in the State of New York. It is therefore a citizen of Delaware and New York.

3.47 Defendant The Procter & Gamble Company is an Ohio corporation with a principal place of business in Cincinnati, Ohio.

3.48 Defendant PTI Union, LLC is a Delaware limited liability company whose sole member is Broadview Investments, LLC. Broadview's members consist of four trusts: the Revocable Living Trust of Edward T. Noland, Jr., the Edward T. Noland, Jr. Irrevocable Gifting Trust, the Laura Noland Tarrasch Revocable Trust, and the Tarrasch Family Trust. The trustees of the Revocable Living Trust and the Edward T. Noland Jr. Irrevocable Gifting Trust are Georgia citizens. The trustee of the Laura Noland Tarrasch Revocable Trust and Tarrasch Family Trust is a Florida citizen. Therefore, for diversity purposes, PTI Union, LLC is a Georgia and Florida citizen.

3.49 Defendant PUIG USA, Inc. is a Florida corporation with its principal place of business in the State of New York. It is therefore a citizen of Florida and New York.

3.50 Defendant Sanofi-Aventis U.S. LLC U.S. is a Delaware limited liability company whose sole member is Sanofi S.A., a French corporation with a principal place of business in Paris, France. It is therefore a citizen of Delaware and France.

3.51 Defendant Sanofi US Services, Inc. is a Delaware corporation with its principal place of business in New York. It is therefore a citizen of Delaware and New York.

3.52 Defendant Scholl's Wellness Company LLC is a Delaware limited liability company whose sole member is Yellow Wood Partners, LLC.[9]

3.53 Defendant Specialty Minerals Inc. is a Delaware corporation with its principal place of business in the State of New York. It is therefore a citizen of Delaware and New York.

3.54 Defendant Unilever United States, Inc. is a Delaware corporation with its principal place of business in the State of New Jersey. It is therefore a citizen of Delaware and New Jersey.

3.55 Defendant Whittaker Clark & Daniels, Inc. was a New Jersey corporation with its principal place of business in the State of New Jersey.

3.56 While Plaintiff has also named H-E-B, LP ("HEB") and Brookshire Grocery Company ("Brookshire"). While Plaintiff asserts that HEB and Brookshire maintain its principal place of business in Texas, (Compl., ¶ 15 and 28), HEB and Brookshire (as explained in more detail below) have been fraudulently joined in this action and its citizenship should be disregarded for purposes of diversity jurisdiction.

3.57 Accordingly, there is complete diversity of citizenship between Plaintiff and the properly joined Defendants, thus removal is proper. 28 U.S.C. §§ 1332(a), 1441(a).

B. <u>Amount in Controversy</u>

---

[9] Revlon has diligently attempted to determine the members of Yellow Wood Partners LLC. The information does not appear to be publicly available. Defendants Scholl's Wellness Company LLC has not yet appeared in this case. Revlon respectfully requests that the Court allow time for Scholl's Wellness Company to appear, so that Revlon may seek a Motion for Jurisdictional Discovery.

3.58    Plaintiff specifically alleges in the State Court Action that they seek monetary relief of over $1,000,000.00. This unequivocally satisfies the requirements of 28 U.S.C. §1332(a). Accordingly, the amount-in-controversy requirement for removal based on diversity jurisdiction is satisfied.

### IV.    PLAINTIFF HAS FRAUDULENTLY JOINED INNOCENT RETAILERS THUS ITS CITIZENSHIP SHOULD BE DISREGARDED

4.1    The inclusion of HEB and Brookshire in the case cannot defeat diversity jurisdiction because HEB and Brookshire were fraudulently or improperly joined. It is a familiar proposition in the Fifth Circuit, as elsewhere, that fraudulently joined defendants must be ignored in assessing whether the complete diversity requirement of federal diversity jurisdiction is met. *See, e.g., Burden v. General Dynamics Corp.*, 60 F.3d 213,217 (5th Cir. 1995); *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98 (5th Cir. 1990) (citizenship of fraudulently joined defendants should not be considered in determining propriety of removal); *Arzehgar v. Dixon*, 150 F.R.D. 92, 94 (S.D. Tex. 1993). The term fraudulent joinder is actually a misnomer, because the jurisdictional doctrine does not generally require proof of fraud. *See, e.g., Burden*, 60 F.3d at 217; *Smallwood v. Illinois Cent. R.R. Co*., 385 F.3d 568, 571 n.1. (5th Cir. 2004) (doctrine referred to as doctrine of "Improper joinder"). Rather, to establish fraudulent joinder, a defendant must show that there is no reasonable basis for predicting that the plaintiff might be able to recover against the non-diverse defendant. *Smallwood*, 385 F.3d at 573 n.9.

4.2    Defendant Revlon contends that HEB and Brookshire have been fraudulently joined in this litigation with the sole purpose of depriving Defendants of their right to a federal forum. In determining whether there has been fraudulent joinder in this case, the Court should consider the legitimacy and legal viability of the claims against HEB and Brookshire, given the legal protections afforded to a Defendant like HEB and Brookshire, which is simply a pass-through retailer of consumer cosmetic products, and the factual circumstances pled in support of the claims.[10]

---

[10] Defendants anticipate that HEB and Brookshire will file a motion to dismiss following removal to this

4.3     Here, there is no reasonable basis for predicting that Plaintiff might be able to recover against HEB and Brookshire. The allegations against HEB and Brookshire are simply that they sold the asbestos containing products manufactured by others to Plaintiff. (Compl., ¶ 58 - 62).

4.4     Under Texas law, HEB and Fiesta Mart are innocent retailers and, therefore, not liable. On July 1, 2003, the Texas Legislature eliminated liability for innocent product retailers or wholesalers. *See* Tex. Civ. Prac. & Rem. Code §82.003 (Vernon's Supp. 2004); *New Texas Auto Auction Services, L.P.v. Gomez De Hernandez*, 249 S.W.3d 400, 405 (Tex. 2008) ("To the extent chapter 82 addresses product claims generally [in §82.003], it reflects a legislative intent to restrict liability for defective products to those who manufacture them."); *Owens & Minor, Inc. v. Ansell Healthcare Products, Inc.*, 251 S.W.3d 481,491 (Tex. 2008) ("The whole idea was that innocent retailers would not be sued at all in products cases, as the Legislature made clear in its 2003 amendments [§82.003].") (Brister, J., concurring); *Manchester Tank & Equipment Co. v. Engineered Controls Intern.*, Inc., 311 S.W.3d 573, 575 (Tex. App. - Waco, 2009, pet. denied) ("Chapter 82 of the Texas Civil Practice and Remedies Code was added by the legislature to protect innocent sellers from products liability suits unless they had significantly and intentionally participated in the design or production of the product.").

4.5     In short, the Court should consider whether HEB and Brookshire truly belongs in this case, given that it did not manufacture the products at issue, and that it is clear (from the Complaint, and as a matter of common knowledge) that HEB and Brookshire do nothing more than provide shelf space for the retail of consumer products. There exists no reasonable basis in fact or law supporting Plaintiff's claims against HEB and Brookshire, the only non-diverse Defendants in this case.

## V.  OTHER PROCEDURAL REQUIREMENTS

5.1     Revlon files this Notice of Removal in the United States District Court for the Northern District of Texas, Dallas Division, which is the district and division within which the State Court Action was pending.  *See* 28 U.S.C. §1441(a), §124(a)(2).

---

Court. That motion and all arguments made within are fully incorporated here.

5.2     Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice of Removal will be served on Plaintiff's counsel, as required by 28 U.S.C. §1446(d).

5.3     Revlon will promptly file a copy of this Notice of Removal with the Clerk of the District Court of Dallas County, Texas, where the State Court Action was pending, as required by 28 U.S.C. §1446(d).

5.4     By removing this action to this Court, Revlon expressly reserves and does not waive any defenses, objections, or motions under state or federal law.

5.5     Revlon reserves the right to amend or supplement this Notice of Removal.

5.6     Moreover, in accordance with Local Rule 81, this Notice of Removal is accompanied by the following documents:

1. An index of matters being filed (Exhibit A);

2. All State Court Documents (Exhibit B);

3. A list of all counsel of record, including addresses, telephone numbers, and parties represented (Exhibit C); and

4. Defendant Elizabeth Arden Consumer Products Corporations' Rule 7.1 Corporate Disclosure Statement (Exhibit D).

## VI.     CONCLUSION & PRAYER

**WHEREFORE, PREMISES CONSIDERED,** having established all of the prerequisites for removal under 28 U.S.C. §1441 and §1446, including all jurisdictional requirements rendering removal is proper pursuant to 28 U.S.C. §1332, Defendant Revlon prays it may affect the removal of this action from the District Court of Dallas County, Texas to the Northern District of Texas, Dallas Division, and for any such other and further relief to which it may show itself justly entitled, either general or specific, at law or in equity.

Respectfully submitted,

**HAWKINS PARNELL
 & YOUNG LLP**


By: *Kimberly Solomon*
KIMBERLY SOLOMON
State Bar No. 24081384
ksolomon@hpylaw.com
2705 Bee Caves Road, Suite 220
Austin, Texas 78746
512-687-6900
512-687-6990 Fax

**ATTORNEYS FOR DEFENDANTS
REVLON CONSUMER PRODUCTS
CORPORATION**

## CERTIFICATE OF SERVICE

  I hereby certify by my signature above, that a true and correct copy of the foregoing document has been served in accordance with the Federal Rules of Civil Procedure on this <u>29nd</u> day of October, 2021.

| | |
|---|---|
| Holly C. Peterson<br>Simon Greenstone Panatier, PC<br>1201 Elm Street, Suite 3400<br>Dallas, Texas 75270<br>(214) 276-7680<br>(214) 276-7699 (Fax)<br>hpeterson@sgptrial.com<br>***Attorney for Plaintiff***<br>***Naomi Wisener*** | Ruben J. Olvera<br>Curney, Farmer, House, Osuna & Jackson, P.C.<br>411 Heimer Road<br>San Antonio, Texas 78232<br>(210) 377-1990<br>(210) 377-1065 (Fax)<br>ruben@cfholaw.com<br>***Attorney for Defendant***<br>***H-E-B, LP*** |
| C. William Margrabe<br>Maune Raichle Hartley French & Mudd, LLC<br>150 West 30th Street, Suite 201<br>New York, New York 10001<br>(314) 241-2003<br>(314) 241-4838 (Fax)<br>wmargrabe@mrhfmlaw.com<br>***Attorney for Plaintiff***<br>***Naomi Wisener*** | Mary E. Frazier<br>Bradley Arant Boult Cummings LLP<br>600 Travis Street, Suite 4800<br>Houston, Texas 77002<br>(713) 576-0300<br>(713) 576-0301 (Fax)<br>mfrazier@bradley.com<br>***Attorney for Defendants***<br>***Pfizer Inc.; Specialty Minerals Inc.; and Barrett Minerals Inc.*** |
| Aaron M. Speer<br>Mayer LLP<br>750 N. St. Paul Street, Ste. 700<br>Dallas, Texas 75201<br>(214) 379-6900<br>(214) 379-6939 (Fax)<br>aspeer@mayerllp.com<br>***Attorney for Defendant***<br>***Brookshire Grocery Company*** | Barbara J. Barron<br>Mehaffy Weber, P.C.<br>P.O. Box 16<br>Beaumont, Texas 77704<br>(409) 835-5011<br>barbarabarron@mehaffyweber.com<br>***Attorney for Defendant***<br>***Charles B. Chrystal Company, Inc.*** |

Edward M. Slaughter
Gordon Rees Scully Mansukhani, LLP
2200 Ross Avenue, Suite 3700
Dallas, Texas 75201
(214) 231-4660
eslaugher@grsm.com
***Attorney for Defendant
Colgate-Palmolive Company***

Michael Hendryx
Strong Pipkin Bissell & Ledyard, LLP
Two Riverway, Suite 1020
Houston, Texas 77056
(713) 651-1900
(713) 651-1920 (Fax)
mhendryx@strongpipkin.com
***Attorney for Defendant
Arkema Inc.***

Gary D. Elliston
Dehay & Elliston, LLP
3500 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
(214) 210-2400
gelliston@dehay.com
***Attorney for Defendant Aventis Inc.; Sanofi-Aventis U.S. LLC; Sanofi US Services; Fisons Corporation; and Chattem, Inc.***

Nicholas A. Sarokhanian
Holland & Knight LLP
200 Crescent Court #1600
Dallas, Texas 75201
(214) 964-9500
(214) 964-9501 (Fax)
Nicholas.sarokhanian@hklaw.com
***Attorney for Defendant
Puig USA Inc.***

Jake Hicks
Foley & Lardner LLP
3000 One American Center
600 Congress Ave,
Austin, Texas 78701
(512) 542-7070
jhicks@foley.com
***Attorney for Defendant
Amway Corp.***

Brady Edwards
Morgan Lewis & Bockius, LLP
1000 Louisiana Ste 4000
Houston, Texas 77002
(713) 890-5000
(713) 890-5001 (Fax)
Brady.edwards@morganlewis.com
***Attorney for Defendant
Merck & Co.***

*Kimberly Solomon*
Kimberly Solomon