UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NAOMI WISENER, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No. 3:21-CV-2683-X |
| § | |
| REVLON CONSUMER PRODUCTS § | |
| CORP., et al., § | |
| § | |
| *Defendants.* § | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff in this matter sued myriad defendants in state court in the 14th Judicial District Court of Dallas County, asserting various personal-injury claims allegedly caused by plaintiff and her husband's exposure to defendants' products. On October 26, 2021, the Judicial Panel on Multidistrict Litigation transferred the state-court action to the 11th Judicial District Court of Harris County, Texas. Harris County lies in the Southern District of Texas, Houston Division. Nevertheless, on October 29, 2021, the defendants removed to this Court in the Northern District of Texas on the basis of diversity jurisdiction.

The plaintiff then filed a timely motion to remand in this Court, arguing that the defendants removed to the incorrect federal district and that remand is the only remedy available.[1]  In response, the defendants contend that they removed to the

---

[1] [Doc. No. 89.]  In this Order, the Court does not address the plaintiff's other arguments for remand, including that this case lacks diversity of citizenship.  Here, the Court is simply trying to get this case to the federal court that should decide the plaintiff's motion.

1

correct federal district and that, even assuming that they didn't, transfer to the proper judicial district is warranted and remand is not required.

The Court agrees with the plaintiff that the defendants should have removed to the Southern District of Texas, Houston Division. The removal statute, 28 U.S.C. § 1441(a) provides that a civil action in state court over which the federal courts have original jurisdiction may be removed to the "district [court] and division embracing the place where such action *is pending*."[2] On October 29, 2021—the day the defendants removed to federal court—the action was pending in Harris County, so the defendants should have removed to the Southern District of Texas, Houston Division.

The defendants' point is well-taken that, *if* the action is remanded to state court and *if* the action makes it to trial, then the Judicial Panel on Multidistrict Litigation would transfer the case back to Dallas County for a trial.[3] However, that doesn't change the fact that the removal statute compels removal to the federal district court and division where the action *is pending* at the time of removal. And that district and division is the Southern District of Texas, Houston Division.

But the Court agrees with the defendants that remand is not the only option for the Court in this situation. As the Fifth Circuit has explained: "When a case is removed to the wrong district, the mistake does not require remand and the interest

---

[2] Emphasis added.

[3] *See* TEX. GOV'T CODE ANN. § 74.162; *In re Champion Indus. Sales, LLC*, 398 S.W.3d 812, 819 (Tex. App.—Corpus Christi 2012, no pet.).

of justice requires that the action be transferred to the district court of proper venue."[4] In addition, 28 U.S.C. § 1406(a) *requires* a district court to transfer a case to the proper division or district when it would be in the interest of justice to do so. Finally, 28 U.S.C. § 1404(a) allows a district court, for the convenience of the parties and witnesses and in the interest of justice, to "transfer any civil action to any other district or division where it might have been brought . . . ." Here, the Court finds that transfer is proper and in the interest of justice under all three of these sources of authority—Fifth Circuit precedent, 28 U.S.C. § 1406(a), and 28 U.S.C. § 1404(a).

Accordingly, the Court **TRANSFERS** this matter to the Southern District of Texas, Houston Division. There, the motion to remand shall remain pending and the district court will be able to decide the motion on the merits, including whether remand is ultimately appropriate in light of *Hinkley v. Envoy Air, Inc.*, 968 F.3d 544 (5th Cir. 2020).

**IT IS SO ORDERED** this 24th day of January, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[4] *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 n.3 (5th Cir. 1996); *see also id.* ("Error in the venue of a removed action does not deprive the district court of subject matter jurisdiction requiring remand of the case.").