# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| NAOMI WISENER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-22-243 |
| | § | |
| REVLON CONSUMER PRODUCTS CORP., et al., | § | |
| | § | |
| | § | |
| Defendant. | § | |

United States District Court
Southern District of Texas
**ENTERED**
March 17, 2022
Nathan Ochsner, Clerk

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff Naomi Wisener's motion to remand this action to the 11th Judicial District Court of Harris County, Texas. Dkt. 89. After reviewing the motion, response, reply, and the applicable law, the court is of the opinion that the motion should be GRANTED.

### I. BACKGROUND

This is an asbestos-related tort action. Dkt. 1, Ex. 2. Plaintiff Naomi Wisener sued forty-two defendants, including Revlon Consumer Products Corporation ("Revlon"), Scholl's Wellness Company, LLC ("Scholl's Wellness"), H-E-B, LP ("HEB"), and Brookshire Grocery Company ("Brookshire"). *Id.* at 46–56. The defendants allegedly manufactured or supplied asbestos-containing products that exposed Wisener to asbestos for several decades, causing injuries, including mesothelioma. *Id.* at 56–63. The defendants are alleged to have known or should have known about the health dangers of the products they manufactured or sold since 1924. *Id.* at 69. Further, the defendants are alleged to have known of and suppressed multiple scientific and medical studies and reports concerning the dangers of their products. *Id.* at 69–73.

Wisener initially filed suit in the 14th Judicial District Court of Dallas County, Texas, on September 21, 2021. *Id.* at 43. The case was transferred to the Asbestos MDL in the 11th Judicial District Court of Harris County, Texas, on October 26, 2021. Dkt. 91. Revlon removed the case to the United States District Court for the Northern District of Texas on October 29, 2021. Dkt. 1. Wisener filed the instant motion to remand on November 29, 2021. The case was transferred to this court on January 24, 2022, with the motion to remand still pending. Dkt. 122.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Lavery v. Barr*, 943 F.3d 272, 275 (5th Cir. 2019). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

"Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id.*

2

### III. ANALYSIS

Revlon removed this action and asserted the court had diversity jurisdiction to adjudicate the dispute. Dkt. 1 ¶¶ 3.1–3.3. Wisener counters that the court lacks subject-matter jurisdiction because the parties are not completely diverse. Dkt. 89 at 3. The court concludes it lacks subject-matter jurisdiction because Revlon has failed to carry its burden to show all defendants are diverse parties and two admittedly non-diverse parties are not improperly joined defendants.

#### A. Revlon's Burden to Show Diversity

"For diversity jurisdiction, the party asserting federal jurisdiction must 'distinctly and affirmatively allege' the citizenship of the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991)). "[T]he citizenship of a[n] LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Defendant Scholl's Wellness is an LLC. *See* Dkt. 1, Ex. 2. Revlon admits Scholl's Wellness's sole member is Yellow Wood Partners, LLC, and the citizenship of that member is unknown despite "diligent attempts." Dkt. 116 at 5. Thus, Scholl's Wellness's citizenship is unknown. *See Harvey*, 542 F.3d at 1080. However, merely making "diligent attempts" to ascertain the citizenship of Scholl's Wellness cannot satisfy the removing party's burden. *See Howery*, 243 F.3d at 919. Revlon must affirmatively allege the citizenship of all the defendants—including Scholl's Wellness. *See id.* Revlon's failure to carry its burden and establish diversity jurisdiction necessitates remand. *See id.*; 28 U.S.C. § 1447(c).

#### B. Improper Joinder

Revlon admits that defendants HEB and Brookshire are both Texas citizens for the purpose of diversity jurisdiction but argues that they are improperly joined. Dkt. 116 at 7–12. "Since the

3

purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). "To demonstrate improper joinder of resident defendants, the removing defendants must demonstrate either: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006)). Revlon's theory for improper joinder is that Wisener cannot establish a cause of action against HEB or Brookshire. Dkt. 116 at 7.

The inquiry into whether a plaintiff can establish a cause of action is similar to that for a Rule 12(b)(6) motion, "in that the crucial question is whether the plaintiff has set out a valid claim under applicable state law." *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 405 (5th Cir. 2004). For a Rule 12(b)(6) motion, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings in determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The supporting facts must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence. *Id.* at 556.

4

The parties agree that Wisener's claims against HEB and Brookshire are based on Tex. Civ. Prac. & Rem. Code § 82.003(a). *See* Dkts. 116 at 8, 118 at 9. Under section 82.003(a)(6), HEB and Brookshire can be held liable if they "actually knew of a defect to the product at the time" and Wisener's "harm resulted from the defect." *See* Tex. Civ. Prac. & Rem. Code § 82.003(a)(6). Wisener alleges that HEB and Brookshire "knew or should have known" of the presence of asbestos fibers and that those fibers are the defect that caused her injuries. Dkt. 1, Ex. 2 at 63. Revlon argues that the allegation that HEB and Brookshire "should have known" of the defect falls short of the actual knowledge required by the statute. Dkt. 116 at 9. Revlon overlooks that the "should have known" language follows a disjunctive, and the complaint also includes an allegation that HEB and Brookshire knew of the defect. *See* Dkt. 1, Ex. 2 at 63. Wisener is permitted to make alternative and inconsistent pleadings, and "the pleading is sufficient if any one of them is sufficient." *See* Fed. Rule Civ. P. 8(d)(2). Thus, Wisener has sufficiently alleged the elements of Tex. Civ. Prac. & Rem. Code § 82.003(a)(6).

The allegation of actual knowledge is not the end of the inquiry because it is merely "a formulaic recitation of the elements," and Wisener must also allege facts "enough to raise a right to relief above a speculative level." *See Twombly*, 550 U.S. at 555. Brookshire and HEB allegedly sold Wisener talcum powder and cosmetic products that contained asbestos. Dkt. 1, Ex. 2 at 49, 52. Brookshire and HEB allegedly knew of medical and scientific data that indicated these products were hazardous, including Waldemar C. Dreesen's 1933 report to the National Safety Council on the results of a study on the dangers of inhaling talc. *Id.* at 69–70. HEB and Brookshire allegedly knew of the National Safety Council's subsequent publications regarding lowered lung capacity from asbestosis and the danger posed by talc dust. *Id.* at 71. Also, HEB and Brookshire

5

allegedly knew of industry information gathered between 1942 and 1950 about the dangers of inhaling asbestos fibers. *Id.* at 72. Further, HEB and Brookshire allegedly knew of a 1968 study on the dangers of these products. *Id.* Finally, HEB and Brookshire allegedly knew that Wisener's use of the products would result in the inhalation of asbestos, increasing the risk of developing asbestosis, lung cancer, and mesothelioma. *Id.* at 73.

The court concludes that Wisener has alleged facts that, if true, raise her right to relief above a speculative level. Thus, Revlon has failed to show Wisener has no reasonable basis for recovery in state court. *See Gray*, 390 F.3d at 405. Therefore, the case must be remanded. *See* 28 U.S.C. § 1447(c).

## IV. CONCLUSION

The court lacks subject-matter jurisdiction to adjudicate this case. Therefore, the case is REMANDED to the 11th Judicial District Court of Harris County, Texas. Additionally, it is ORDERED that the defendants pay Wisener the just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

Signed at Houston, Texas on March 17, 2022.

_____
Gray H. Miller
Senior United States District Judge